UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

------------------------------------------------------------------
**ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC),**

                  Plaintiff,   **COMPLAINT**

  -against-   Civil Action No.

WILLIAM JOSEPH TRAPPEY, III, and BART JAMES BABINEAUX, Individually, and as officers, directors, shareholders and/or principals of MONAGO INVESTMENTS, LLC, d/b/a MONAGOS FIELD HOUSE, a/k/a FIELDHOUSE BAR & GRILL,

and

MONAGO INVESTMENTS, LLC, d/b/a MONAGOS FIELD HOUSE, a/k/a FIELDHOUSE BAR & GRILL,

                  Defendants.
------------------------------------------------------------------

Plaintiff, **ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC),** (hereinafter referred to as "Plaintiff"), by its attorneys, LONSTEIN LAW OFFICE, P.C., complaining of Defendants herein, respectfully sets forth and alleges, as follows:

**JURISDICTION AND VENUE**

1. This is a civil action seeking damages for violation of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the U.S. (17 U.S.C. §101, et seq.).

2. This Court has jurisdiction under 17 U.S.C. §101, et seq. and 28 U.S.C. Section §1331,

which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and 28 U.S.C. Section §1338(a) (copyright).

3. Upon information and belief, venue is proper in this court because, inter alia, all defendants reside within the State of Louisiana (28 U.S.C. § 1391(b) and 28 U.S.C. § 98(c)).

4. This Court has personal jurisdiction over the parties in this action. Defendants to this action had or have an agent or agents who has or have independently transacted business in the State of Louisiana and certain activities of Defendants giving rise to this action took place in the State of Louisiana; more particularly, Defendants' acts of violating federal laws and the proprietary rights of Plaintiff, as distributor of the satellite programming transmission signals, which took place within the Western District of Louisiana. Moreover, upon information and belief, Defendants have their principal place of business within the State of Louisiana; thus, this Court has personal jurisdiction over Defendants.

## THE PARTIES

5. The plaintiff is a Nevada Limited Liability Company with its principal place of business located at 2960 West Sahara Avenue, Las Vegas, Nevada 89102.

6. Upon information and belief, Defendant, WILLIAM JOSEPH TRAPPEY, III, resides at 605 Orleans, Monroe, LA 71201.

7. Upon information and belief, Defendant, BART JAMES BABINEAUX, resides at Oak Place, New Iberia, LA 70563.

8. Upon information and belief, Defendants, WILLIAM JOSEPH TRAPPEY, III, and BART JAMES BABINEAUX, are officers, directors, shareholders, and/or principals of MONAGO

INVESTMENTS, LLC, d/b/a MONAGOS FIELD HOUSE, a/k/a FIELDHOUSE BAR & GRILL.

9. Upon information and belief, Defendants, WILLIAM JOSEPH TRAPPEY, III, and BART JAMES BABINEAUX, were the individuals with supervisory capacity and control over the activities occurring within the establishment on June 12, 2010.

10. Upon information and belief, Defendants, WILLIAM JOSEPH TRAPPEY, III, and BART JAMES BABINEAUX, received a financial benefit from the operations of MONAGO INVESTMENTS, LLC, d/b/a MONAGOS FIELD HOUSE, a/k/a FIELDHOUSE BAR & GRILL, on June 12, 2010.

11. Upon information and belief, Defendants, WILLIAM JOSEPH TRAPPEY, III, and BART JAMES BABINEAUX, were the individuals with close control over the internal operating procedures and employment practices of MONAGO INVESTMENTS, LLC, d/b/a MONAGOS FIELD HOUSE, a/k/a FIELDHOUSE BAR & GRILL, on June 12, 2010.

12. Upon information and belief, Defendant, MONAGO INVESTMENTS, LLC, d/b/a MONAGOS FIELD HOUSE, a/k/a FIELDHOUSE BAR & GRILL, is a business entity, the exact nature of which is unknown, having its principal place of business at 1510 Sterlington Road, Monroe, LA 71203.  It's Registered Agent is William Joseph Trappey, III, located at 605 Orleans, Monroe, LA 71201.

13. Upon information and belief, Defendant, MONAGO INVESTMENTS, LLC, d/b/a MONAGOS FIELD HOUSE, a/k/a FIELDHOUSE BAR & GRILL, is a Domestic Corporation, incorporated and licensed to do business in the State of Louisiana.

14. Upon information and belief, Defendant, MONAGOS FIELD HOUSE, a/k/a FIELDHOUSE BAR & GRILL, is a partnership licensed to do business in the State of Louisiana.

15. Upon information and belief, the defendant, MONAGOS FIELD HOUSE, a/k/a FIELDHOUSE BAR & GRILL, is a sole proprietorship licensed to do business in the State of Louisiana.

## COUNT I

16. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs "1" through "15," inclusive, as though set forth herein at length.

17. Plaintiff is the owner of the **UFC #115** broadcast, including all undercard matches and the entire television broadcast, scheduled for **June 12, 2010,** via closed circuit television and via encrypted satellite signal (hereinafter referred to as the "Broadcast"). The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

18. Plaintiff, or their authorized agent for commercial distribution, for a licensing fee, entered into licensing agreements with various entities in the State of Louisiana, allowing them to publicly exhibit the Broadcast to their patrons.

19. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, without unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Broadcast at the above address at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

20. Upon information and belief, Defendants and/or their agents, servants, workmen and/or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used a device to intercept Plaintiff's broadcast, which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems. There are multiple illegal methods of accessing the Broadcast, including, (1) splicing an additional coaxial cable line or redirecting a wireless signal from an adjacent residence into a business establishment; (2) commercially misusing cable or satellite by registering same as a residence when it is, in fact, a business; or (3) taking a lawfully obtained box or satellite receiver from a private residence, into a business.  In addition, emerging technologies, such as broadband or internet broadcast, as well as "slingbox" technology (which allows a consumer to literally sling the Broadcast from his personal home cable or satellite systems into his computer), can allow commercial misuse of residential broadcasting feeds through the internet from anywhere in the world. Each of these methods would allow Defendants to access the Broadcast unlawfully. Prior to Discovery, Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast.  However, it is logical to conclude that Defendants either used an illegal satellite receiver, misrepresented their business establishment as a residence or removed an authorized receiver from one location to a different business location in order to intercept Plaintiff's broadcast.

21. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications such as the transmission for which plaintiff had the distribution rights thereto.

22. By reason of the aforementioned conduct, the aforementioned defendants willfully violated  47 U.S.C. §605 (a).

23. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff

has a private right of action pursuant to 47 U.S.C. §605.

24. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff is entitled to damages, in the discretion of this Court, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to the maximum amount of $110,000.00 as to each defendant.

25. Pursuant to 47 U.S.C. §605, plaintiff is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

26. Plaintiff hereby incorporates paragraphs "1" through "25," inclusive, as though fully set forth herein.

27. Upon information and belief, with full knowledge that the Broadcast was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Broadcast at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

28. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system such as the transmission for which plaintiff had the distribution rights thereto.

29. Upon information and belief, the defendants individually, willfully and illegally intercepted said Broadcast when it was distributed and shown by cable television systems.

30. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

31. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages, in an amount in the discretion of this Court, of up to the maximum amount of $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

### COUNT III

32. Plaintiff hereby incorporates paragraphs "1" through "31," inclusive, as though fully set forth herein.

33. Plaintiff is the owner of the copyright to the **UFC #115** Broadcast, including all undercard matches and the entire television broadcast, scheduled for **June 12, 2010**, via closed circuit television and via encrypted satellite signal. The Broadcast originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

34. As a copyright holder of the rights of the **UFC #115** Broadcast, Plaintiff has rights to the Broadcast including the right to distribute same.

35. Defendant never obtained the proper authority or license from Plaintiff, or its authorized agent for commercial distribution, to publicly exhibit the **UFC #115** Broadcast on **June 12, 2010.**

36. Upon information and belief, with full knowledge that the **UFC #115** Broadcast can only be exhibited within a commercial establishment by the purchasing of a license from Plaintiff, or its authorized agent for commercial distribution, Defendant and/or its agents, servants, workmen or employees illegally intercepted the Broadcast and exhibited same in their commercial establishment on **June 12, 2010.**

37. Specifically, upon information and belief, the Defendant and/or its agents, servants, workmen and employees unlawfully obtained the **UFC #115** Broadcast, enabling Defendant to

publicly exhibit the Broadcast without paying the appropriate licensing fee to Plaintiff, or its authorized agent for commercial distribution.

38. By reason of the aforementioned conduct, the Defendant willfully violated 17 U.S.C. §501(a).

39. By reason of the aforementioned defendants' violation of 17 U.S.C. §501(a), plaintiff has a private right of action pursuant to 17 U.S.C. §501(b).

40. As a result of Defendant's willful infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages, in the discretion of this Court, under 17 U.S.C. §504(c)(1) and 504(c)(2), of up to the maximum amount of $150,000.00.

41. Plaintiff is further entitled to its attorney fees and costs pursuant to 17 U.S.C. §505.

WHEREFORE, the plaintiff requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

>(a) Declare that defendant's unauthorized exhibition of the **June 12, 2010, UFC #115 Broadcast,** violated the Federal Communications Act and that such violations were committed willfully and for purposes of defendants' direct or indirect commercial advantage or for private financial gain**.**
>
>(b)   On the first cause of action, statutory penalties  in an amount, in the discretion of this Court, of up to the maximum amount of $110,000.00 as to each defendant for their willful violation of 47 U.S.C. §605 (a); or
>
>(c) On the second cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;

(d) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e);

(e) On the third cause of action, statutory penalties in an amount, in the discretion of this Court, of up to the maximum amount of $150,000.00 as to each defendant pursuant to §504(c)(1) and §504(c)(2) for their violation of 17 U.S.C. §501(a);

(f) Attorney's fees, interest, costs of suit as to each defendant pursuant to 47 U. S. C. § 605 (e)(3) (B) (iii) and/or §553 (c)(2)(C), together with such other and further relief as this Court may deem just and proper.

Dated: December 16, 2010
Ellenville, New York

ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC)

By: /s/Julie Cohen Lonstein
JULIE COHEN LONSTEIN
Attorney for Plaintiff
LONSTEIN LAW OFFICE, P.C.
Office and P.O. Address
1 Terrace Hill : P.O. Box 351
Ellenville, NY 12428
Telephone: (845) 647-8500
Facsimile: (845) 647-6277
Email: Info@signallaw.com
*Our File No. 10-17LA-W01V*

/s/M. Sean Reid
M. Sean Reid, Esq.
Resident Counsel
LA. Bar No. 27622
Law Office of M. Sean Reid, LLC
700 St. John Street, Suite 401
Lafayette, LA 70501
Telephone: (337)233-2417
Facsimile: (337)233-8417
Email: sean@msreidlaw.com