# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| **ZUFFA, LLC, d/b/a THE ULTIMATE FIGHTING CHAMPIONSHIP (UFC),** | * | **CIVIL ACTION NO.  11-0006** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **WILLIAM JOSEPH TRAPPEY, III, et al.** | * | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to compel discovery [doc. # 15] filed by defendants, William Joseph Trappey, III, et al.[1] The motion is opposed.  For reasons stated below, the motion is DENIED.

### Background

On January 4, 2011, Zuffa, LLC, d/b/a The Ultimate Fighting Championship (UFC) ("Zuffa") filed the instant suit for damages for violation(s) of 47 U.S.C. §§ 553 or 605, et seq. and for copyright infringement under the copyright laws of the United States,17 U.S.C. § 101, et seq.  (Compl.).  Named defendants include William Joseph Trappey, III, Bart James Babineaux, and Monago Investments, LLC, d/b/a Monagos Field House, a/k/a Fieldhouse Bar & Grill.  *Id*.

The complaint alleges that Zuffa is the owner of UFC # 115, a June 12, 2010, broadcast, that was transmitted via satellite uplink, and then re-transmitted to cable systems and satellite companies via satellite signal.  (Compl., ¶ 17).  Zuffa, or its agent, entered into licensing

---

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court.  Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

agreements with various entities in Louisiana, allowing them to publicly exhibit the broadcast to their patrons. *Id*. Zuffa contends that defendants

> without paying Plaintiff a fee or entering into an agreement with Plaintiff or its authorized agent for commercial exhibition, . . . unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Broadcast at [their establishment] at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

(Compl., ¶ 19).

Plaintiff seeks statutory penalties, fees, interest, and costs under the various statutory schemes. *See* Compl., Prayer, ¶¶ (b)-(f).

On or about July 18, 2011, defense counsel served plaintiff with defendants' First Set of Discovery. (M/Compel, Exh. A). On August 18, 2011, plaintiff responded to the discovery, but objected to several of the requests. *Id*. Accordingly, on September 19, 2011, defense counsel convened a telephone conference with opposing counsel, pursuant to Rule 37(a)(1) and Local Rule 37.1W, in an attempt to amicably bridge the parties' discovery differences. When the conference proved fruitless, defendants filed the instant motion to compel discovery on September 21, 2011. Specifically, defendants seek an order compelling plaintiff to respond to Interrogatories 1, 2, 4, 6, and 7 and Request for Production No. 2. *See* M/Compel, Memo., pg. 2. On October 12, 2011, plaintiff filed its response to the motion to compel, wherein it maintained its objections to the requested discovery. (Pl. Response). Defendants did not file a reply. Accordingly, the matter is now before the court.

## Law

Under Rule 33, a party may serve an interrogatory on another party that relates to any matter that may be inquired into under Rule 26(b). Fed.R.Civ.P. 33(a). Likewise, Rule 34 dictates that "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's

possession, custody, or control . . ." Fed.R.Civ.P. 34(a)(1).

Under Rule 26(b),

[p]arties may obtain discovery regarding any nonprivileged matter that is relevant
to any party's claim or defense – including the existence, description, nature,
custody, condition, and location of any documents. . .  Relevant information need
not be admissible at the trial if the discovery appears reasonably calculated to lead
to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).[2]

The courts understand the rule to provide for broad and liberal discovery.  *See Schlagenhauf v.*

*Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947).

Nonetheless, the scope of discovery is limited by relevance, albeit "relevance" is to be broadly

construed.  *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982).  Ultimately, however, the

relevance inquiry ends where it starts; i.e., the relevancy of a discovery request depends upon

whether it is "reasonably calculated" to lead to admissible evidence.  *Wiwa v. Royal Dutch*

*Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004).

A party seeking discovery may move for an order compelling an answer or production

against another party when the latter has failed to answer an interrogatory or produce documents

for inspection.  *See* Fed.R.Civ.P. 37(a)(3)(B).  An evasive or incomplete response is treated as a

failure to respond.   Fed.R.Civ.P. 37(a)(4).

## Discussion

Defendants characterize the disputed discovery requests as seeking information regarding

---

[2] In addition,
a party must, without awaiting a discovery request, provide to other parties . . . a
copy – or a description by category and location – of all documents, electronically
stored information, and tangible things that the disclosing party has in its
possession, custody, or control and may use to support its claims or defenses,
unless the use would be solely for impeachment . . .
Fed.R.Civ.P. 26(a)(1)(A)(ii).

any financial losses suffered by Zuffa a result of defendants' alleged unlicensed broadcast of UFC # 115.  (M/Compel, Memo., pg. 2).  Defendants contend that the requested discovery is relevant because under 47 U.S.C. § 553 (in contrast to 47 U.S.C. § 605), plaintiff is not accorded the discretion to elect between actual or statutory damages.  Defendants further argue that even if plaintiff's remedy were limited to statutory penalties, the financial losses suffered by Zuffa remain relevant for purposes of the court's assessment of the appropriate award.

With regard to defendants' first argument, the court observes that, for better or for worse, plaintiff has eschewed any claim for actual damages, and has limited itself to statutory penalties. *See* Compl.; Resp. to Interr. No. 6.  Moreover, even if Zuffa were seeking actual damages, and to the extent that its financial losses may be relevant to the court's assessment of statutory penalties, the undersigned does not discern that the particular discovery requests at issue are reasonably calculated to lead to the discovery of admissible evidence.

For instance, Interrogatory Numbers 1 and 2 seek information regarding Zuffa's total gross and net revenue for the right to transmit UFC # 115.  However, the amount of money overall that Zuffa made on the broadcast is irrelevant to its actual damages sustained as a result of defendants' alleged failure to pay the requisite licensing fee.  At a minimum, Zuffa's bottom line would have increased by the amount of the licensing fee that defendants purportedly circumvented.

Similarly, Interrogatory Number 4 and Request for Production Number 2 seek to discover the sums paid by Zuffa to any other person or entity to market, distribute, or transmit UFC # 115, plus, a copy of the attendant contract or agreement.  This discovery, however, is overbroad.  The total sums paid by Zuffa to market, distribute, or transmit UFC # 115 are not relevant to the incremental, variable costs associated with the instant cause of action.

Interrogatory Number 6 asks Zuffa to provide the names of any witnesses who will testify regarding any damages suffered by Zuffa from the transmission of UFC # 115.  Plaintiff responded that it was not seeking actual damages.  Zuffa later added that it had previously disclosed that one of its representatives would testify "in this matter."  *See* Pl. Response, pg. 4 [doc. # 18].  Thus, Zuffa has answered the interrogatory.

Finally, Interrogatory Number 7 seeks to uncover how Zuffa obtained the exclusive rights to UFC # 115.  Zuffa replied that it owned the copyright to the broadcast, and that "[t]he exclusive right to distribute the fight in question to commercial establishments was given to Joe Hand Promotions, Inc. by contract between the parties."  Again, Zuffa fully answered the interrogatory.

## Conclusion

For the above-assigned reasons, the undersigned finds that movant is not entitled to relief. Accordingly, the motion to compel discovery [doc. # 47] filed by defendants, William Joseph Trappey, III, et al., is DENIED.

IT IS SO ORDERED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 17th day of November 2011.


KAREN L. HAYES
U. S. MAGISTRATE JUDGE